## THE FIRST MUNICIPALITY OF NEW ORLEANS *v.* THE RECTOR, &c. OF CHRIST CHURCH.

In an action against a religious corporation, service of citation must be made on the president of the corporation in person, "or at their office, if they hold such in permanence, by delivery to some of their agents."

The declaration of a sheriff on a return on a citation' that A. is agent of B., is not proof of the fact; and such a return, unaccompanied by proof *aliunde*, will not authorize a judgment, at least where A. is not designated in the petition as such agent.

A case will not be remanded for further proceedings where there is an utter absence of legal service of citation.

Where a judgment has been rendered without citation, the party aggrieved is not restricted to an action of nullity, but may be relieved on appeal. C. P. 608, 609.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Preaux*, for the plaintiffs. *Bradford* and *L. C. Duncan*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. A judgment in this case was rendered against both defendants and confirmed, and they have appealed. Both appellants contend that they were not cited. The citation addressed to the corporation of Christ Church was returned as follows: "Served copies of petition and citation on defendants, through *John Nicholson, Esq.*, in person." This was a religious corporation, and by its charter the rector was declared its president. In suits against religious corporations the Code of Practice declares that service of citation must be made on their president in person, or "at their office, if they hold such in permanence, by delivery to some of their agents." The return does not state that *Nicholson* was the rector, nor is it pretended that he was; nor does it state that he was agent of the corporation, and that service was made upon him at its office. The return is clearly insufficient, and the case stands before us as one

FIRST MUNICI-
PALITY
*v.*
CHRIST
CHURCH.

in which no citation has been made. The judgment must, therefore, be declared void.

As to *Adrew Hodge*, the return of the citation, addressed to him alone, makes no mention of him whatever. The return is that it was served upon the defendants—"The rector, church wardens and vestrymen of Christ Church, by leaving the same to *W. L. Hodge*, their agent." This return is utterly inoperative against *Andrew Hodge*. It is equally so as against the corporation, for it does not allege that it was served upon him at the office of the corporation, nor was any proof adduced of his agency. The sheriff's declaration in a return that A. is agent of B., is not proof of the fact; and such return, unaccompanied by proof *aliunde*, does not authorize a judgment; at least when A. is not designated as the attorney in fact in the petition.

It is said in argument that *Andrew Hodge* had no right to appeal, because there is no evidence in the record that he has any interest in this cause. The object of the suit was to have certain real estate decreed to be the property of the plaintiffs, and the petition alleged that *Andrew Hodge* "either has or pretends to have had an interest in said property; and it was, therefore, prayed that he be made a party defendant in this cause, for the purpose of contesting the claim of your petitioners, if he should think proper to do so." These assertions of the plaintiff are a sufficient answer to the objection. Besides, the judgment not only decreed the land to be the property of the plaintiffs, but condemned the defendant, of whom *Hodge* was one, to pay the costs.

We are asked to remand the cause for further proceedings, should we reverse the judgment. This the court might perhaps, in its discretion, grant, if the case were one of an informality of a citation duly served. But here there is an utter absence of legal service.

When a judgment has been rendered without citation, the party aggrieved is not restricted to an action of nullity, but may be relieved on appeal. C. P. 608, 609.

It is, therefore, ordered that, the judgment of the court below be annulled, and that the petition be dismissed, the plaintiff paying the costs in both courts; and their rights of action, if any they have, being reserved.